COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



## ORDER OF ABATEMENT

Appellate case:      01-11-01114-CR; *John James Smith v. The State of Texas*
Trial court case:      1234109, in the 184th District Court of Harris County, Texas

The complete record has been filed in the above-referenced appeal. Appellant's appointed counsel, Tony Aninao, has not filed a brief on appellant's behalf. Appellant's brief was due on April 23, 2012. On May 16, 2012 the Clerk of the Court notified appellant that a brief had not yet been filed and required a response within 10 days. Appellant did not respond.

Before a court-appointed attorney may be relieved of his duties and replaced by other counsel, a finding of good cause must be entered on the record. TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2011). We therefore abate this appeal and remove it from this Court's active docket. We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel Tony Aninao shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1) make a finding on whether appellant wishes to prosecute the appeal;
(2) inquire of counsel Tony Aninao the reasons, if any, that he has failed to file a brief on appellant's behalf;
(3) if appellant does wish to prosecute the appeal, determine whether good cause exists to relieve Tony Aninao of his duties as appellant's counsel;
(4) if good cause exists, enter a written order relieving Tony Aninao of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appointing substitute appellate counsel at no expense to appellant;
(5) if good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; and
(6) make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d), 26.04(j)(2) (West Supp. 2011); TEX. R. APP. P. 38.8(b).

**The trial court's findings and recommendations shall be sent to this Court no later**

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

**than 30 days from the date of this order.** If the hearing is conducted by video teleconference, the trial court's findings and recommendations and a certified video recording of the hearing shall be filed in this Court no later than 30 days from the date of this order.

If the trial court finds that appellant does not wish to pursue the appeal, we shall dismiss the appeal. Otherwise, a supplemental clerk's record including the name, address, telephone number, and State Bar number of substitute counsel is due in this Court **no later than 30 days from the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of and the Clerk of this Court of such date.**

It is so **ORDERED**.

Judge's signature: /s/ Evelyn Keyes _____
                    ☐  Acting individually      ☐  Acting for the Court
Date: July 11, 2012 _____

2